UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY L. JOHNSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18cv2178-BEN (MSB)<br><br>**ORDER DENYING JOINT MOTION FOR 30-DAY EXTENSION OF CERTAIN CASE MANAGEMENT DEADLINES [ECF NO. 69]** |

Pending before the Court is the parties' "Joint Motion for 30-Day Extension of Certain Case Management Deadlines," filed August 7, 2020.  (ECF No. 69.)  In their motion, the parties ask to continue the deadlines for fact and expert discovery, expert designations and discovery, and the filing of pretrial motions by approximately 30 days.  (Id. at 2.)  For the reasons explained more fully below, the Court **DENIES** the motion **without prejudice**.

### I.    LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This good cause standard "primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th

Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases). "If that party was not diligent, the inquiry should end." Id.

## II.     DISCUSSION

In support of their joint motion, the parties simply state that they have been actively, diligently, and cooperatively litigating this case, but scheduling difficulties related to the COVID-19 pandemic necessitate additional time to complete discovery. (ECF No. 69 at 2.) The Court notes that the parties were initially ordered to meet and confer pursuant to Rule 26(f) no later than May 22, 2019, after which the parties were able to begin general discovery. (See ECF No. 9 at 3); Fed. R. Civ. P. 26(d)(1). After holding two settlement conferences, (see ECF Nos. 12, 21), the Court issued a scheduling order on August 19, 2019. (ECF No. 22.) Independent of the Covid-19 pandemic, the Court granted two separate requests to modify the scheduling order as of March 12, 2020. (See ECF Nos. 36, 40.) Most recently, on April 7, 2020, in consideration of the difficulties presented by the COVID-19 pandemic, the Court again continued dates in the scheduling order by two to three months. (ECF No. 48.)

To demonstrate good cause for their request to amend the scheduling order this late in the litigation, after discovery has been available for over fifteen months, the parties must do more than offer conclusory statements that they have been diligent and need more time. The parties have not explained what they have done to date, what additional discovery specifically cannot be completed within the available time, and why, despite diligence, the parties were not able to complete the necessary discovery within the scheduling order previously provided by the Court. Based on the skeletal representations in the instant joint motion, the Court cannot find good cause for the requested continuance.

///
///
///
///

### III.   CONCLUSION

Because the parties have not demonstrated good cause for the requested continuance, the joint motion is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated:  August 11, 2020

Honorable Michael S. Berg
United States Magistrate Judge