UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY L. JOHNSON,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | Case No.: 18cv2178-BEN (MSB)<br><br>**ORDER GRANTING IN PART JOINT MOTION FOR 30-DAY EXTENSION OF CERTAIN CASE MANAGEMENT DEADLINES [ECF NO. 71]** |

Pending before the Court is the parties' "Renewed Joint Motion for 30-Day Extension of Certain Case Management Deadlines," filed August 13, 2020. (ECF No. 71.) In their motion, the parties ask to continue the deadlines for fact and expert discovery, expert designations and discovery, and the filing of pretrial motions by approximately 30 days. (Id. at 2.)

The parties explain that this case is complicated insofar as Plaintiff's Second Amended Complaint involves six different incidents on five different dates and "possibly twenty (20) fact witnesses who will need to be deposed." (Id. at 2-3.) The parties claim they have diligently pursued discovery despite the challenges presented by the COVID-19 pandemic, with Defendants serving Requests for Production ("RFPs") on December 12, 2019, and "additional written discovery on August 3, 2020; Plaintiff serving extensive and interrelated interrogatories and RFPs on April 30, 2020 and deposing six CBP agents

witnesses at the end of July, 2020. (Id. at 3-4.) They also explain that Defendants' counsel has spent considerable time coordinating representation and service of the various individual defendants named in the Second Amended Complaint and litigating a successful motion to dismiss the Bivens claims against them. (Id. at 3.)

In addition to the discovery background in this case, the parties identify several current issues that necessitate the requested continuance. Currently, Defendant believes the responses to its most recent written discovery are needed before Defendant can take the depositions of Plaintiff and unidentified "certain related witnesses." (Id. at 5.) This appear to also be related to the parties' current dispute regarding medical records and a Rule 35 examination Defendant seeks from Plaintiff, the pendency of which is impacting "the ability to provide experts with all necessary material." (Id. at 5-6.) Plaintiff's expert's daughter has recently passed away, which Plaintiff believes necessitates more time for the expert's bereavement, review of the case materials, and report preparation. (Id.) Finally, Plaintiff's counsel is scheduled to be in trials from October 5-23 and November 2-13, which will "severely limit [his] availability to schedule and complete the remaining fact witness and expert depositions within the time frame currently set by the scheduling order." (Id. at 6.) For the reasons explained more fully below, the Court **GRANTS** the motion **in part**.

## I.   LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases). "If that party was not diligent, the inquiry should end." Id.

///

///

## II.     DISCUSSION

As this Court previously noted, the parties were initially ordered to meet and confer pursuant to Rule 26(f) no later than May 22, 2019, after which the parties were able to begin general discovery.  (See ECF No. 9 at 3); Fed. R. Civ. P. 26(d)(1).  After holding two settlement conferences, (see ECF Nos. 12, 21), the Court issued a scheduling order on August 19, 2019.  (ECF No. 22.)  Independent of the Covid-19 pandemic, the Court granted two separate requests to modify the scheduling order as of March 12, 2020.  (See ECF Nos. 36, 40.)  Most recently, on April 7, 2020, in consideration of the difficulties presented by the COVID-19 pandemic, the Court again continued dates in the scheduling order by two to three months.  (ECF No. 48.)

Considering this background with the information included in the parties' joint motion, the parties have not diligently pursued discovery in this case.  As to any delay caused by the dispute regarding discovery of Plaintiff's medical records and the Rule 35 examination, it is evident to the Court that Defendant appears to be seeking discovery that is central to his case less than two months before the parties are required to make their expert disclosures, and over a year after discovery opened in this case.  None of the factual or procedural complexities of this case changed the relevance of discovery into Plaintiff's medical condition and mental health, nor prevented Defendants from requesting such records during the first fourteen months after discovery opened.  To the extent that any delay is caused by disputes about Plaintiff's medical and mental health records, the lateness of those disputes was completely avoidable, and the parties have not explained how it is the result of anything but Defendant's delayed request.

Turning to Plaintiff, he did not serve written discovery until April 30, 2020, almost one year after discovery opened and approximately eight months after the Court issued the initial scheduling order.  (See ECF No. 71 at 4; ECF No. 9 at 3; ECF No. 22.)  The parties have offered no justification in their motion for this lengthy delay.  After Plaintiff filed his Second Amended Complaint on November 6, 2019, (ECF No. 29), more than eight months passed before anyone noticed a deposition.  (See ECF Nos. 59-66; ECF No.

71.) Only the latter portion of this delay can be attributed to uncertainty about how depositions would proceed during a pandemic.

While the Court is sensitive to the difficulty presented by scheduling so many depositions, it appears to the Court that being able to conduct these depositions via Zoom will simplify the process and reduce the need to coordinate travel.  The parties do not appear to have scheduled any of the additional depositions and certainly have not identified them for the Court, but merely asserted that there are "possibly" twenty, without specifying whether this includes the six who have already been deposed.  (See ECF No. 71 at 2-3.)  If Plaintiff's counsel's scheduled trials proceed, two other attorneys have appeared for Plaintiff in this litigation who can assist with depositions.  While Plaintiff's expert may need additional time, Plaintiff appears to be speculating on that matter, rather than determining whether his expert will be able to proceed and when.

Considering the foregoing and after consultation with Judge Benitez's chambers, the Court does not find good cause to grant the parties' requested continuance in its entirety.  However, the Court does find good cause to **GRANT** the motion **in part**.

### III.   CONCLUSION

The Court finds good cause to **GRANT** the joint motion **in part** as follows:

1. The deadline for completion of fact discovery is extended to **December 3, 2020**;

2. The deadline for designating rebuttal experts is extended to **October 26, 2020**;

3. The deadline for disclosures under Rule 26(a)(2)(A) is extended to **October 12, 2020**;

4. The deadline for disclosures under Rule 26(a)(2)(D) and Rule 26(e) is extended to **October 26, 2020**;

5. The deadline for completion of expert discovery is extended to **December 3, 2020**; and

///

6. The deadline for filing pretrial motions remains as previously set, **December 17, 2020**.

**IT IS SO ORDERED.**

Dated: August 17, 2020

Honorable Michael S. Berg
United States Magistrate Judge